UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RECKITT BENCKISER LLC, | : | |
| | : | Civ. No. 15-2155(RMB/JS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMNEAL PHARMACEUTICALS LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| RECKITT BENCKISER LLC, | : | Civ. No. 15-4524(RMB/JS) |
| | : | |
| Plaintiff, | : | |
| | : | MEMORANDUM ORDER |
| v. | : | |
| | : | |
| DR. REDDYS LABORATORIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on motions filed by (1) Defendant Amneal Pharmaceuticals, LLC ("Amneal") for Judgment on the Pleadings [Docket No. 22] and (2) Defendants Dr. Reddys Laboratories, Inc. ("Dr. Reddys") for Judgment on the Pleadings [Civil Action No. 15-4524, Docket No. 15] (Amneal and Dr. Reddys collectively referred to as "Defendants"). For the reasons set forth herein, the motions are DENIED WITHOUT PREJUDICE.

Defendants bring their motions pursuant to Federal Rule of

Civil Procedure 12(c).  "[T]he difference between Rules 12(b)(6) and 12(c) is purely procedural, as the same standards govern both motions." Rinaldo v. Komar, 2007 U.S. Dist. LEXIS 2657 at *6 (D.N.J. Jan 12, 2007) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Plaintiff Reckitt Benckiser, LLC ("Plaintiff" or "Reckitt") alleges that Defendants' quaifenesin sustained-release tablets

(generic versions of Plaintiff's Mucinex® products) infringe its patents, specifically, Patent No. 6,372,252 ("'252 Patent"), Patent No. 6,955,821 ("'821 Patent"), and Patent No. 7,838,032 ("'032 Patent") (collectively "the Patents"). The '032 Patent and '821 Patent are continuations-in-part of the '252 Patent.

In relevant part, the '252 Patent claims a drug product comprising two structural **portions** of quaifenesin, the first portion containing an immediate release portion of quaifenesin and the second portion containing a sustained-release portion of quaifenesin. In a prior case involving the '252 Patent, the Federal Circuit affirmed the construction of **portion** to mean a "discrete part of the product." See Reckitt Benckiser v. Watson Labs, Inc., 430 Fed. Appx. 871 (Fed. Cir. 2011). Another court addressed and followed the same construction. Adams Respiratory Therapeutics, Inc. v. Perrigo, 2012 WL 90188 (W.D. Mich. 2012).

Defendants contend that their products do not infringe the Patents because they are non-layered, single-matrix sustained-release tablets that were disclaimed during prosecution of the '252 patent. Because these products do not contain two portions as construed by the Federal Circuit, they contend, there can be no finding of infringement as to the '252 Patent. As to the '821 and '032 Patents, Defendants contend that there are no disclosures rescinding the sustained-release single formulation disclaimer made during the '252 Patent's prosecution.

3

Reckitt responds that Defendants' motions should be denied because discovery is needed to resolve various material facts. First, Plaintiff avers that it should be entitled to discovery as to the actual structure of the finished products. The Court agrees with Reckitt, but issues a strong, cautionary instruction. Clearly, the ANDAs filed by Defendants are within the scope of a Rule 12(c) motion. However, although the ANDA excerpts appear to support Defendants' position, Plaintiff should be entitled to limited discovery regarding the actual structure of the finished products. Because evidence of the structure of Defendants' products falls outside the pleadings, the motions are therefore denied. Discovery regarding the structure of Defendants' products, however, should <u>not</u> be extensive. The Court sees no reason why this discovery cannot be accomplished expeditiously without protracted litigation. The parties are directed to meet and confer and present a proposed discovery schedule to the Honorable Joel Schneider, United States Magistrate Judge.

As for the remaining two patents, the '821 Patent and '032 Patent, the material issue is whether or not Plaintiff rescinded its prior disclaimer of single formulation sustained-release tablets. Both sides have culled out from the prosecution history of the '252 Patent the excerpts they believe support their positions. Under certain circumstances, the prosecution

history may properly be the subject of a Rule 12(c) motion. Here, however, asking the Court to review only parts of the prosecution history deprives this Court of the ability to determine whether Plaintiff reaffirmed or rescinded the disclaimer. Again, although the excerpts cited by Defendants appear to support Defendants' position, this issue cannot be decided on a Rule 12(c) motion, but only after the issue has been fully developed. As such, the Court will entertain dispositive motions on this issue. At this juncture, beyond the prosecution history documents, there appears to be no need for discovery. In that regard, Plaintiff's request for a Markman hearing is premature.

Accordingly, for the foregoing reasons,

IT IS ON THIS **15th** day of **January** 2016, **ORDERED** that he motions are denied without prejudice. Upon completion of the limited discovery, as described above, the parties may file dispositive motions. Thereafter, the Court will conduct a hearing where (1) it will decide the issue of infringement as to the '252 Patent; (2) the parties will lay out the prosecution history of the '032 and '821 Patents so that the Court may resolve the issue of disclaimer rescission; and

IT IS FURTHER **ORDERED** that this Court sua sponte finds that the above-captioned matters involve common questions of law and fact and, therefore, the above-captioned matters shall be

consolidated pursuant to Federal Rule of Civil procedure 42(a), that Reckitt Benckiser LLC v. Amneal Pharmaceuticals LLC, Civil Action No. 15-2155 (RMB/JS), and Reckitt Benckiser LLC v. Dr. Reddys Laboratories, Inc., et al, Civil Action No. 15-4524 (RMB/JS), and are hereby consolidated for all purposes, subject to de-consolidation if warranted, and that Reckitt Benckiser LLC v. Amneal Pharmaceuticals LLC, Civil Action No. 15-2155 (RMB/JS), shall be designated the "Lead Case"; and

IT IS FURTHER **ORDERED** that all future filings in the consolidated matters shall be filed under the docket of the Lead Case; and

IT IS FURTHER **ORDERED** that the Clerk of the Court shall docket this Order in each of the two individual actions; and

IT IS FURTHER **ORDERED** that the Clerk of the Court shall administratively terminate Reckitt Benckiser v. Dr. Reddys Laboratories, Inc., et al, Civil Action No. 15-4524 (RMB/JS); and

IT IS FURTHER **ORDERED** that the Clerk of the Court shall identify on the docket of each individual action the Lead Case and the member case; and

IT IS FURTHER **ORDERED** that the parties shall appear, in person, before the Honorable Joel Schneider, United States Magistrate Judge, on January 21, 2016, at 11:30 a.m., in Courtroom 3B, at the Mitchell H. Cohen Federal Courthouse, 4th

and Cooper Streets, Camden, New Jersey.

                                                 s/Renée Marie Bumb
                                                 **RENÉE MARIE BUMB**
                                                 **United States District Judge**

Dated: January 15, 2016