Charles M. Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
1037 Raymond Boulevard, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700

Of Counsel:

   Dominick A. Conde
   John D. Carlin
   Peter D. Shapiro
   Seth E. Boeshore
   VENABLE LLP
   1290 Avenue of the Americas
   New York, NY  10104-3800
   (212) 218-2100

*Attorneys for Plaintiff Reckitt Benckiser LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RECKITT BENCKISER LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>AMNEAL PHARMACEUTICALS LLC, et al.,<br><br>        Defendants. | Civil Action No. 15-2155 (RMB)(JS)<br>(Consolidated)<br><br>(Filed Electronically) |

## RECKITT BENCKISER LLC'S OBJECTIONS TO AMNEAL'S
## <u>BILL OF COSTS</u>

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. ARGUMENT ............................................................................................... 3

    A. Legal Standard .................................................................................... 3

    B. The Court Should Disallow Amneal's Request for Document-Related Costs .................................................................... 4

        1. The Court Should Disallow Amneal's Request for Electronic Document Production Costs ..................................... 4

        2. The Court Should Disallow Amneal's Request for Copy and Print Costs ............................................................... 6

        3. The Court Should Disallow Amneal's Request for the Cost of the Preparation of its Post-Trial E-Brief .................. 8

    C. The Court Should Reduce Amneal's Request for Transcript Fees .................................................................................... 8

        1. The Court Should Reduce Amneal's Request for Expert Deposition Transcript Fees ............................................. 9

        2. The Court Should Disallow Amneal's Request for the *Aurobindo* Hearing Transcript As It Is Nontaxable ................................................................................ 11

III. CONCLUSION .......................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
　482 U.S. 437 (1987) ........................................................................................... 3

*Garonzik v. Whitman Diner*,
　910 F. Supp. 167 (D.N.J. 1995) .......................................................................... 3

*In re Paoli R.R. Yard PCB Litig.*,
　221 F.3d 449 (3d Cir. 2000) ............................................................................... 3

*Mylan Inc. v. SmithKline Beecham Corp.*,
　No. 10-4809, 2015 WL 1931139 (D.N.J. Apr. 28, 2015) ................................. 12

*Prometheus Labs., Inc. v. Roxane Labs., Inc.*,
　Nos. 11-230, 11-1241, 2016 WL 1559144 (D.N.J. Apr. 18, 2016) ............. 4, 5, 8

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
　674 F.3d 158 (3d Cir. 2012) ............................................................................ 5, 8

*Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*,
　No. 14-1203 (D. Del.) ................................................................................ passim

*Romero v. CSX Transp., Inc.*,
　270 F.R.D. 199 (D.N.J. 2010) ........................................................... 3, 7, 10, 12

*Supernus Pharms. Inc. v. TWi Pharms. Inc.*,
　No. 15-369, 2018 WL 2175765 (D.N.J May 11, 2018) ........................... 5, 8, 10

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
　566 U.S. 560 (2012) ........................................................................................... 9

**Statutes**

28 U.S.C. § 1920 ............................................................................................. 1, 3, 4, 9

28 U.S.C. § 1920(2) .............................................................................................. 3, 8, 12

28 U.S.C. § 1920(4) .............................................................................................. 3, 4, 6, 7

**Other Authorities**

Federal Rule of Civil Procedure 54(d) ................................................................ 1, 3, 4

Local Civil Rule 54 .................................................................................................1

Local Civil Rule 54.1(b) .........................................................................................3

Local Civil Rule 54.1(f) ..........................................................................................1

Local Civil Rule 54.1(g)(10) ...................................................................................7

Local Civil Rule 54.1(g)(2) .....................................................................................4

Local Civil Rule 54.1(g)(6) ......................................................................... 8, 11, 12

Local Civil Rule 54.1(g)(7) .....................................................................................8

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1(f), and the Court's January 3, 2019 Order (D.I. 229), Plaintiff Reckitt Benckiser LLC ("Reckitt") respectfully submits its objections to Defendant Amneal Pharmaceuticals LLC's ("Amneal") Bill of Costs.  While Reckitt does not dispute that Amneal is the "prevailing party" in the trial court, the majority of Amneal's requested costs are not taxable.

On December 10, 2018, Amneal filed a Notice of Motion to Tax Costs, requesting that the Court tax a total of $40,990.50 to Reckitt in costs.  D.I. 224; *see also* D.I. 225 (Amneal's Bill of Costs); D.I. 224-1 (Amneal's Memorandum in Support of its Motion to Tax Costs).  Reckitt objects to nontaxable portions of Amneal's request for costs, particularly those associated with transcripts and exemplification and copying costs.  Amneal's requests should be denied as not allowable under 28 U.S.C. § 1920 and Local Civil Rule 54.  Specifically, the Court should deny Amneal's requests for the following cost items:

- $26,434.80 for cost of document production, because the request includes nontaxable charges for labor/vendor costs, which are not recoverable as "exemplification;"

- $7,623.58 in alleged copying costs because the request includes nontaxable fees for counsel's convenience and fees incurred after trial;

- $2,536.00 for the preparation of Amneal's post-trial electronic brief ("e-brief"), which is nontaxable;

- $4,395.85 for deposition transcripts because the request includes charges for a deposition of a witness not offered by Amneal and because the request fails to explain significant per-page cost variances between different deposition transcripts; and

- $91.50 for the May 8, 2017 hearing transcript from *Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. 14-1203 (D. Del.) because Amneal failed to establish that the transcript was "necessarily obtained for use in the case."

In addition to seeking non-recoverable costs, Amneal's request also does not include the necessary line-item invoices that would allow for appropriate deductions to be made. Because it is Amneal's burden to show which costs it should be awarded, any ambiguous or unsupported requests should be denied. Thus, although Amneal has requested more than $40,000 in its Bill of Costs, Amneal should be awarded no more than $3,185.85 in reasonable costs as shown below: [1]

---

[1] Amneal did not include the $91.50 cost for the *Aurobindo* hearing transcript in its Bill of Costs. *See* D.I. 225; *see also* D.I. 224-1 at 10. Thus, the table does not include that cost. Nevertheless, the Court should deny Amneal's request for the *Aurobindo* hearing transcript costs for the reasons explained below.

2

| Taxable Cost Category | Amneal's Asserted Taxable Cost | Actual Taxable Cost |
|---|---|---|
| § 1920(4): Fees for Exemplification and Copying | $36,594.65 | $0 |
| § 1920(2): Fees for Transcripts | $4,395.85 | $3,185.85 |
| **Total** | **$40,990.50** | **$3,185.85** |

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs to the prevailing party in District Court, but not all costs are taxable. Costs that are taxable are listed in 28 U.S.C. § 1920. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000) ("The 'costs' capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920.") A court cannot award costs that a litigant has incurred unless the statute permits the taxation of those costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes *in pari materia*.").

As the prevailing party, Amneal bears the burden of showing that particular costs should be taxed. *Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 201 (D.N.J. 2010); *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 172 (D.N.J. 1995); *see also* L. Civ. R. 54.1(b) (applicant shall set forth verified bill of costs and "append . . . all invoices in support of the request for each item."). And, as the Clerk has

3

explained, "while a prevailing party is entitled to costs under Rule 54(d), those costs often fall well short of the party's actual litigation expenses. Furthermore, despite the presumption of granting costs to a prevailing party, that party must provide sufficient information to carry its burden of showing that the costs sought fall within the limits of § 1920." *Prometheus Labs., Inc. v. Roxane Labs., Inc.*, Nos. 11-230, 11-1241, 2016 WL 1559144, at *3 (D.N.J. Apr. 18, 2016) (citations and quotations omitted).

In preparing its bill of costs, Amneal has ignored these governing principles and sought an award for categories of expenses that are not taxable. Each of the objectionable categories in Amneal's bill of costs is discussed below.

### B. The Court Should Disallow Amneal's Request for Document-Related Costs

Amneal seeks costs for document production, alleged copying costs, and preparation of its post-trial e-brief under 28 U.S.C. § 1920(4) in the amount of $36,594.65. D.I. 224-1 at 8-10. Amneal's request includes costs that are nontaxable and should be denied in its entirety.

#### 1. The Court Should Disallow Amneal's Request for Electronic Document Production Costs

Amneal seeks $26,434.80 for costs associated with electronic discovery under 28 U.S.C. § 1920(4) and L. Civ. R. 54.1(g)(2). D.I. 224-1 at 8; *see also* D.I. 224-4. Amneal asserts that it hired an outside vendor, Consilio, "to produce

4

electronic images in TIFF format of Amneal's documents that were responsive to Reckitt's document requests." D.I. 224-1 at 8; D.I. 224-2 at ¶ 5. Amneal's support is facially deficient and includes costs for nontaxable work. "[O]nly the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved 'copying,' . . . . [T]he costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.'" *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012). Amneal's submitted invoice does not include *any* taxable costs; rather, the descriptions for the four line items simply identify the charges as "Redaction hours," "Privilege Log," and "V3locity Services." *See* D.I. 224-4 at 2-5. Amneal's requested costs for electronic discovery fail because every single entry includes nontaxable services under *Race Tires*. No services deemed taxable by the *Race Tires* court have been isolated, and the invoice lacks any clarity or specificity as to the services performed. *Race Tires*, 674 F.3d at 167; *see also, Supernus Pharms. Inc. v. TWi Pharms. Inc.*, No. 15-369, 2018 WL 2175765, at *13 (D.N.J May 11, 2018); *Prometheus Labs.*, 2016 WL 1559144, at *13. Thus, Amneal's request for $26,434.80 for its expense of complying with discovery requests should be denied in its entirety.

## 2. The Court Should Disallow Amneal's Request for Copy and Print Costs

Amneal seeks reimbursement of a total of $7,623.58 for photocopying charges under 28 U.S.C. § 1920(4). D.I. 224-1 at 9. Amneal's request should be denied in its entirety because it includes nontaxable costs for counsel's convenience, and Amneal failed to provide sufficient documentation.

First, Amneal asserts that it incurred $735.50 for copies of trial exhibits and binders prepared by Reliable, an outside vendor. D.I. 224-1 at 9; D.I. 224-2 at ¶ 6. The submitted invoice covers the printing of five (5) sets of documents, totaling 7,355 pages. D.I. 224-5 at 3. But Amneal does not provide any support for or prove the purpose of those copies. Those copies could include anything from internal use documents to extra copy sets of materials to support counsel. Instead, Amneal merely asserts that the costs were "for copies of trial exhibits and binders," without providing any additional information. D.I. 224-1 at 9. Amneal also does not provide any explanation for why it required five sets of copies of 1,471 pages of documents. *Id*.

Second, Amneal asserts that it incurred separate "copy overage" charges of $6,888.08 for copies made during trial using equipment rented from Aquipt, an outside vendor. D.I. 224-1 at 9; D.I. 224-2 at ¶ 7. The submitted invoice covers the printing costs for 26,490 pages, including 10,252 pages of black and white copies and 16,238 pages of color copies. D.I. 224-6 at 2. Amneal provides no

explanation as to the purpose of these copies, and the submitted invoice provides no explanation or identification of what copies were made, when they were made, or for what purpose they were made. *Id*. Amneal made no showing that it somehow required more than ten thousand pages of black and white copies and sixteen thousand pages of color copying *for trial proceedings*. *See* 28 U.S.C § 1920(4) (copies must be "necessarily obtained for use in the case"). Amneal's submitted invoice also appears to include charges incurred after trial, as the invoice identifies the date range as "5/19/2017-5/23/2017." D.I. 224-6 at 2. But, 28 U.S.C. § 1920(4) and L. Civ. R. 54.1(g)(10) do not permit the prevailing party to recover the cost of every page photocopied in the month of the trial. Further, Amneal states that "all of these copies were necessary to prepare for and present its case, ensuring it had a full set of both parties' exhibits for use at trial, as well as copies for the Court and for witnesses." D.I. 224-1 at 9. Thus, Amneal admits that these charges include copies that were made for the convenience of counsel.

In sum, Amneal fails to meet its burden of explaining why the ordinary copying expenses were necessary for trial and were not simply for the convenience of counsel. *See Romero*, 270 F.R.D. at 204. Accordingly, the Court should deny Amneal's request for $7,623.58 for alleged copying costs in its entirety.

### 3. The Court Should Disallow Amneal's Request for the Cost of the Preparation of its Post-Trial E-Brief

Amneal seeks reimbursement of the $2,536.00 cost of preparing and copying defendants' electronic hyperlinked post-trial brief. D.I. 224-1 at 9-10; *see also* D.I. 224-7. Amneal asserts that these charges were "necessarily made for trial purposes even if they were not ultimately offered into evidence." D.I. 224-1 at 10; *see also* D.I. 224-2 at ¶ 8. However, the Clerk has already found that these costs are not taxable under *Race Tires*. *See Supernus Pharms.*, 2018 WL 2175765, at *15-*16 (denying costs for preparing hyperlinked e-briefs that were court-ordered and noting that "the Court's imposition of certain requirements does not convert non-taxable attorney fees into taxable copying or exemplification"); *Prometheus Labs.*, 2016 WL 1559144, at *13 ("[T]he Clerk finds it prudent to adopt that line of case law denying the cost of hyperlinking. This requested cost is disallowed."). Thus, Amneal's request for the taxation of its expenses for preparing its e-brief should be denied in its entirety.

### C. The Court Should Reduce Amneal's Request for Transcript Fees

Amneal seeks costs for two categories of transcripts under 28 U.S.C. § 1920(2) and L. Civ. R. 54.1(g)(6) and (7): (1) various expert deposition transcripts (totaling $4,395.85) and (2) the transcript of the May 8, 2017 hearing on defendant Aurobindo's motion for attorneys' fees from *Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. 14-1203 (D. Del.) (hereinafter "*Aurobindo*") (totaling $91.50).

8

This request includes costs that are nontaxable under governing law and should be reduced.

### 1.     The Court Should Reduce Amneal's Request for Expert Deposition Transcript Fees

Amneal's request for $4,395.85 for expert deposition transcript costs is excessive because it includes costs that were for counsel's convenience.

First, Amneal seeks reimbursement for the deposition transcript of its co-defendant DRL's expert witness, Dr. Rodriguez.  D.I. 224-1 at 7; D.I. 224-3 at 8.  However, Amneal fails to explain how the deposition transcript of DRL's expert was relevant to *Amneal*.  Dr. Rodriguez did not testify on behalf of Amneal, had no knowledge of Amneal's ANDA product, and he was not included on Amneal's witness list.  Amneal could have requested a copy of the Rodriguez deposition transcript from DRL for counsel's convenience, but it chose not to do so.  Given the strict construction of § 1920 set forth by *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012), Reckitt should not pay for a transcript that was for convenience only.  Moreover, DRL has requested the costs for Dr. Rodriguez's deposition transcript in DRL's Motion to Tax Costs, which Reckitt does not oppose.  *See* D.I. 223-2 at 7; 223-4 at 5.  Should the Clerk grant DRL's request for costs for Dr. Rodriguez's deposition transcript, Amneal's duplicative request for costs of a certified copy of the same deposition transcript should be denied.  *See*

9

*Romero*, 270 F.R.D. at 202-03.  Thus, Amneal should not be permitted to recover $428.80 in costs for Dr. Rodriguez's deposition transcript.

Second, Amneal seeks reimbursement for a certified copy of the deposition transcript of Reckitt's expert, Dr. Davies, in the amount of $2,235.10.  D.I. 224-1 at 7; D.I. 224-3 at 12.  Reckitt does not contest the necessity of the deposition transcript, only the amount to be taxed.  Dr. Davies's deposition transcript was charged at the rate of $5.15 per page, which is excessive.  Amneal's request appears to include fees for expedited service of the Davies deposition transcript without any particularized explanation of why those fees should be allowed in this case.  *See* D.I. 224-3 at 12.  Absent an explanation of the need for a particular expedited transcript, Amneal's request that the Clerk tax those costs should be denied.  *Romero*, 270 F.R.D. at 201; *see also Supernus Pharms.*, 2018 WL 2175765, at *7.  Reckitt would agree to the taxation of the Davies deposition transcript at the non-expedited rate of $3.35 per page, the same rate as the Rogers and Gemeinhart deposition transcripts, which Reckitt does not oppose.

Reckitt provides the chart below with Amneal's requested amount and the actual taxable amount, based on the non-expedited rate of $3.35 per page:

| Deponent | Date of Deposition | Description | Amneal's Asserted Taxable Cost | Actual Taxable Cost |
|---|---|---|---|---|
| Dr. Martyn Davies | April 20, 2017 | Reckitt's Expert | $2,235.10 | $1,453.90 |
| Dr. Robin Rogers | April 26, 2017 | Amneal's Expert | $790.60 | 790.60 |
| Dr. Richard Gemeinhart | May 3, 2017 | Amneal's Expert | $941.35 | $941.35 |
| Dr. Jeffrey Rodriguez | May 5, 2017 | DRL's Expert | $428.80 | $0.0 |
| **Total Requested for Expert Deposition Transcripts** | | | **$4,395.85** | **$3,185.85** |

In sum, Reckitt objects to the taxation of costs for the deposition transcript of DRL's expert, Dr. Rodriguez, and objects to the expedited costs for the deposition transcript of Reckitt's expert, Dr. Davies. Accordingly, Amneal's request for costs in this category should be reduced to $3,185.85.

### 2. The Court Should Disallow Amneal's Request for the *Aurobindo* Hearing Transcript As It Is Nontaxable

Amneal's request for the transcript costs of $91.50 for the May 8, 2017 hearing on defendant Aurobindo's motion for attorneys' fees from the *Aurobindo* litigation should be denied because they were for defense counsel's convenience. L. Civ. R. 54.1(g)(6) makes clear that the cost of the *Aurobindo* hearing transcript is not taxable:

11

> The cost of a reporter's transcript is allowable only (A) when specifically requested by the Judge, master, or examiner, or (B) when it is of a statement by the Judge to be reduced to a formal order, or (C) if required for the record on appeal.  Mere acceptance by the Court of a submitted transcript does not constitute a request.  ***Copies of transcripts for an attorney's own use are not taxable in the absence of a prior order of the Court.  All other transcripts of hearings, pretrials and trials will be considered by the Clerk to be for the convenience of the attorney and not taxable as costs***.

L. Civ. R. 54.1(g)(6) (emphasis added).

First, Amneal was not a party to the *Aurobindo* litigation.  *See Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. 14-1203 (D. Del. filed Sept. 17, 2014).  Second, Amneal fails to identify any court-ordered transcripts or other factors that would overcome the default local rule that presumes all transcript charges are incurred for counsel's own convenience.  *See* D.I. 224-1 at 6.  Instead, Amneal concludes that it "requests its fees for transcripts that were necessarily obtained for use in the case in the amount of $91.50 for hearing transcripts…" without more.  *See id*.  If that were enough, then transcripts of hearings from *other* cases would always be recoverable — but they are not.  Trial transcript costs are taxable only if the requesting party established that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see Mylan Inc. v. SmithKline Beecham Corp.*, No. 10-4809, 2015 WL 1931139, at *3 (D.N.J. Apr. 28, 2015), citing *Romero,* 270 F.R.D. at 201-02.  But Amneal does not point to any purpose for this transcript.  *See* D.I. 224-1 at 6.  The *Aurobindo* hearing transcript appears to have

12

been cited in a footnote in Defendants' post-trial briefings (*see e.g.*, D.I. 172 at 50, n.9), but as the local rules make clear, "[m]ere acceptance by the Court of a submitted transcript does not constitute a request." L. Civ. R. 54.1(g)(6). Moreover, Amneal excluded its request for the *Aurobindo* hearing transcript costs in its Bill of Costs submitted to the Court. *See* D.I. 225; *see also* D.I. 224-1 at 10. Thus, Amneal appears to have waived its request.

Accordingly, the Court should deny Amneal's request for the *Aurobindo* hearing transcript costs.

## III. CONCLUSION

For the foregoing reasons, Amneal's Bill of Costs improperly seeks reimbursement for nontaxable costs totaling $40,990.50. If the Court awards costs at this time, Amneal should be awarded no more than $3,185.85.

Respectfully submitted,

Dated: January 15, 2019

By: s/ William C. Baton
Charles M. Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
1037 Raymond Boulevard, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700

*Of Counsel*:
Dominick A. Conde
John D. Carlin
Peter D. Shapiro
Seth E. Boeshore
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

*Attorneys for Plaintiff*
*Reckitt Benckiser LLC*

14