IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RECKITT BENCKISER LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC, et al.,<br><br>Defendants. | Civil No. 15-2155 (RMB/JS)<br><br>OPINION |

**APPEARANCES:**

SAUL EWING ARNSTEIN & LEHR LLP
By: Charles M. Lizza, Esq.; David L. Moses, Esq.;
Sarah Ann Sullivan, Esq.; William C. Baton, Esq.
One Riverfront Plaza
Newark, New Jersey 07102-5490
    Attorneys for Plaintiff Reckitt Benckiser LLC

STONE CONROY LLC
By: Rebekah R. Conroy, Esq.
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932

GOLDBERG SEGALLA LLP
By: Ronald M. Daignault, Esq.; Richard Juang, Esq.
711 Third Avenue – Suite 1900
New York, New York 10017
    Attorneys for Defendant Amneal Pharmaceuticals LLC

WINDELS MARX LANE & MITTENDORF, LLP
By: Stuart D. Sender, Esq.; Anandita Vyakarnam, Esq.
One Giralda Farms
Madison, New Jersey 07940

BUDD LARNER, PC
By: Michael H. Imbacuan, Esq.
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07079
    Attorneys for Defendants Dr. Reddy's Laboratories,
    Inc. and Dr. Reddy's Laboratories, Ltd.

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff Reckitt Benckiser LLC ("Plaintiff") brought this patent infringement case against Defendants Amneal Pharmaceuticals LLC ("Amneal"), and Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (the "DRL Defendants" or "DRL")(collectively, "Defendants"), pursuant to 35 U.S.C. § 271(e)(2)(A) and §§ 271(a), (b) and (c).  On August 22, 2017, this Court ruled that Defendants' products did not infringe the two patents at issue.  Reckitt Benckiser LLC v, Amneal Pharm. LLC, 276 F.Supp. 3d 261 (D.N.J. 2017), aff'd, 737 F. App'x 538 (Fed. Cir. 2018).  Defendants now move for attorney fees under 35 U.S.C. § 285, contending that this case is "exceptional" based on Reckitt's conduct throughout litigation. For the reasons stated herein, the Court will **DENY** Defendants' request for attorney fees.

I.  **PROCEDURAL HISTORY & BACKGROUND**

The case involved Reckitt's Mucinex® product, an extended-release guaifenesin tablet used as an expectorant that thins and loosens mucus and relieves chest congestion.  Reckitt initially alleged that Amneal's generic 600 mg and 1200 mg guaifenesin sustained-release tablets ("Amneal's ANDA products") would infringe U.S. Patent Nos. 6,372,252 (the "'252 Patent"), 6,955,821 (the "'821 Patent"), and 7,838,032 (the "'032

2

Patent"). Similarly, Reckitt initially alleged that DRL's generic 600 mg and 1200 mg guaifenesin and pseudoephedrine hydrochloride sustained-release tablets ("DRL's ANDA Products") would infringe the '252, '821, and '032 Patents. After the filing of the Complaints, Reckitt dismissed its claims under the '252 Patent as to all Defendants [Docket Nos. 64, 65] and its claims under the '821 Patent against Defendant DRL [Docket No. 64].

At the heart of the dispute was whether Defendants' ANDA Products had two distinct formulations, an immediate release formulation ("IR formulation") and a sustained release formulation ("SR formulation"). Reckitt contended that they did. Defendants countered that their ANDA products were single formulation matrix tablets and therefore did not infringe the two patents.

By Opinion and Order entered August 22, 2017, this Court agreed with Defendants and ruled that their products did not infringe the two patents at issue. See Reckitt Benckiser LLC v, Amneal Pharm. LLC, 276 F.Supp. 3d 261 (D.N.J. 2017). On September 10, 2018, the Court of Appeals for the Federal Circuit affirmed the decision. See Reckitt Benckiser LLC v. Amneal Pharm. LLC, 737 F. App'x 538 (Fed. Cir. 2018).

The case before this Court was not Reckitt's first challenge against a manufacturer of a generic Mucinex®; in fact,

3

Reckitt had brought at least three prior patent infringement cases against generic manufacturers. See Reckitt Benckiser, Inc. v. Watson Labs., Inc., Case No. 09-60609 (S.D. Fla. 2009); Adams Respiratory Therapeutics, Inc. et al v. Perrigo Co., Case No. 07-993 (W.D. Mich. 2007); Reckitt Benckiser LLC v. Aurobindo Pharma Ltd., Case No. 14-1203 (D.Del. 2014).

In Watson and Perrigo the district courts concluded that a single formulation matrix tablet, like the tablets manufactured by the Defendants in this case, contained only one single portion of guaifenesin. See Reckitt Benckiser, Inc. v. Watson Labs., Inc., No. 09-cv-60609, slip op. (S.D.Fla. Feb. 18, 2011), aff'd, 430 F. App'x 871 (Fed. Cir. 2011); Adams Respiratory Therapeutics, Inc. v. Perrigo Co., 2012 WL 90188 (W.D. Mich. Jan. 11, 2012). In Aurobindo, pending at the time this Court heard the case, the Court construed the claims of the same patents at issue here as requiring two "distinct" structural formulations of guaifenesin. See Reckitt Benckiser LLC v. Aurobindo Pharma Ltd., 239 F. Supp. 3d 822, 829-830 (D. Del. 2017). Because Aurobindo's product did not contain two distinct formulations, the Court granted summary judgment as to the defendant. Id. This Court adopted the Aurobindo Court's construction and questioned Reckitt what, "at the end of the day," it meant for the instant case to go forward. See Transcript of March 15, 2017, Declaration of Rebekhah R. Conroy

("Conroy Decl." at 4:6-8). Reckitt responded, in sum and substance, that it would present testimony that was not presented to the Aurobindo Court.

**II. DISCUSSION**

Defendants now seek attorney fees under 35 U.S.C. § 285, contending that this case is "exceptional" based on Reckitt's conduct throughout litigation. Defendants concede that there is no basis for an exceptional case ruling prior to this Court's adoption of the Aurobindo Court's claim construction, and so, the Court begins its exceptional case analysis from the point of its claim construction.

   **A.  *Legal Standard***

In "exceptional" patent cases, a Court may award "reasonable attorney fees" to the "prevailing party." 35 U.S.C. § 285. "An exceptional case under § 285 is 'simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" Nova Chems. Corp. (Canada) v. Dow Chem. Co., 856 F.3d 1012, 1016 (Fed. Cir. 2017)(quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)).

Ultimately, the Court must make a discretionary decision based on the totality of circumstances, which may include factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Octane Fitness, 572 U.S. at 552 & n.6.  A party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." Id. at 557.  "[F]ees are not awarded solely because one party's position did not prevail" and are not to be used "as a penalty for failure to win a patent infringement suit."  Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015).

**B.   *Factors Supporting "Exceptionality"***

Indisputably, Defendants are the "prevailing party" within the meaning of the statute.  The question thus is whether the totality of the circumstances, including Reckitt's litigation conduct, warrants the imposition of attorney fees.

Like the court in Aurobindo, this Court, too, finds that there are circumstances here that could support a finding of exceptionality. See Reckitt Benckiser LLC v. Aurobindo Pharma Ltd., 2017 WL 4613643, at *2 (D. Del. Oct. 16, 2017), aff'd, 737 F. App'x 537 (Fed. Cir. 2018).  The '252 Patent, which was the

subject of the Watson litigation, concerned the construction of the term "portion."  The Watson Court construed "portion" as requiring two distinct formulations and found that the defendant's product did not infringe because it did not have two structural portions.  Based on these existing findings, the Aurobindo Court noted, "the fact that the Federal Circuit had already ruled on a patent in this family is relevant to assessing subsequent actions by Reckitt.  Reckitt - - the same patentee and plaintiff here as in Watson - - was surely aware of that case and proceeded here with knowledge of the Federal Circuit's decision on the issues presented there." Aurobindo, 2017 WL 4613643, at *2.

The Aurobindo decision also tends to support a finding of exceptionality.  In granting summary judgment, the Aurobindo Court found that the defendant's product likewise did not contain two distinct formulations.  As stated in Aurobindo: "This Court's construction of terms found in the related '821 and '032 patents was entirely consistent with the construction of the Federal Circuit in Watson." 2017 WL 4613643, at *2.

  C. *Factors Weighing Against "Exceptionality"*

On the other hand, the Court agrees with the Aurobindo court's assessment regarding the impact of the Watson decision.  Indeed, it was not a dispositive decision because it involved a

7

different ANDA product and the '252 patent, which Reckitt had withdrawn (and other patents). As stated by the Aurobindo court:

> "It was reasonable for Reckitt to have perceived an opportunity to develop a case on which it might succeed on the merits, notwithstanding Watson. This case involved a different ANDA product and the assertion of additional patents, making it possible to reach a different result (i.e., to find infringement) despite the Watson precedent."

Aurobindo, 2017 WL 4613643, at *2. The same is true as to the applicability of the Perrigo decision.

As to the impact of the Aurobindo decision itself, Plaintiff persuaded this Court that it had additional structural data available to it that the Aurobindo Court did not have before ruling.[1] In Aurobindo, Reckitt presented an infringement theory "focused on performance aspects of the ANDA products, resting on dissolution data and various pharmacokinetic studies without regard to the structure of the formulation." 2017 WL4613643, at *2. In this case, however, Defendants presented structural evidence that they claimed was not before the Aurobindo Court. For that reason, the Court permitted Reckitt to (1) present limited testimony of Reckitt's expert, Dr. Gonzalez, on the dissolution and pharmacokinetic profiles of

---

[1] Although Defendants accuse Reckitt of shifting its infringement theory after Judge Stark ruled, the Court is not prepared to so find.

8

Defendants' ANDA products to prove infringement, and (2) introduce testimony of Reckitt's testing and formulations expert, Dr. Martyn C. Davies, on infringement. See Dkt. No. 125. This Court ultimately rejected Dr. Davies' opinion regarding his Raman imaging as "flawed" and "unreliable". See Amneal, 276 F. Supp. 3d at 275. Even though the Court stated that Dr. Davies' opinion may have been the product of "creative thinking," id. at 280, this Court is not prepared to find that his testimony was offered in bad faith.

Finally, although Defendants argue that Reckitt had the identical Raman imaging in the Aurobindo case, it is important to remember that Defendants' products were not the same in both cases. Defendants strongly argue that Reckitt was less than candid with this Court. They argue that Reckitt had the very same type of Raman evidence about Aurobindo's tablet that it presented at trial here, but that Reckitt never disclosed to this Court that it chose not to rely on Raman data in Aurobindo because it did not show infringement. Clearly, Reckitt should have shown more candor to the Court. This Court, however, is not persuaded that it would have decided to forego a trial even had Reckitt disclosed its prior testing.

In the Court's final analysis, it is a close call as to whether this Court should find the case to be "exceptional" within the meaning of § 285. Reckitt's various unsuccessful

9

"bites at the apple" in the different cases, in different courts (described above), is of concern to the Court.  Yet, the Court is not prepared to find that Reckitt's reliance on Dr. Davies' testing was entirely baseless or its litigation conduct so egregious as to warrant fees.  Reckitt, however, is forewarned: further "bites at the apple," through future litigation over the same patents, will likely be viewed as unreasonable or abusive by any court, subjecting Reckitt to fees under Section 285.

III. **CONCLUSION**

    For the foregoing reasons, the Court exercises its discretion and will **DENY** Defendants' request for attorney fees. An appropriate Order will issue on this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Date: October 25, 2019